### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

ROBERT R. DENT and
MONICA M. DENT

     *Plaintiffs*,             CASE NO. 15-cv-11268

*v.*                      DISTRICT JUDGE THOMAS LUDINGTON
                              MAGISTRATE JUDGE PATRICIA T. MORRIS

INVESTMENT CORPORATION
OF AMERICA,

     *Defendant*.

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (Doc. 16) be **GRANTED** and that Plaintiffs' complaint (Doc. 1) be **DISMISSED**.

## II.   REPORT

### A.   Introduction

This mortgage foreclosure action was originally filed in the Crawford County Circuit Court, State of Michigan; the case was removed to this Court on April 2, 2015, by Defendant Investment Corporation of America. (Doc. 1). It was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case

1

management on April 9, 2015. (Doc. 4). Plaintiffs allege the following claims: (1) violation of MCL 600.320[1] *et seq.*, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, (3) negligence, (4) breach of contract and promissory estoppel, and (5) fraudulent misrepresentation. (Doc. 1, *Verified Complaint* at 4-11).

On October 27, 2015, Defendant filed the instant motion for summary judgment. (Doc. 16). Plaintiffs responded on October 30, 2015 (Doc. 18), and filed an amended response on November 4, 2015 (Doc. 19). Defendant did not file a reply, and the time for doing so has now passed. Therefore, the motion is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

### B.    Factual Background

Plaintiffs' property is commonly known as 809 N. Wilcox Bridge Road, Grayling, MI 49738 (the "Property"). (Doc. 1, *Verified Complaint* at 2). Plaintiffs allege that in 1998 they purchased the Property pursuant to a mortgage with IndyMac Mortgage Holdings, Inc. (*Id*. at 3). Plaintiffs further allege that "the original mortgage note was a predatory loan in the amount of $88,197.51 with an interest rate of 10% and monthly

---

[1] Defendant notes that Plaintiffs' citation to MCL § 600.320 is likely unintentional, as that statute pertains to the salaries and expenses of courts. (Doc. 16 at 7). Instead, it appears that Plaintiffs intended to cite MCL § 600.3201 *et seq.*, which relates to foreclosure by advertisement. While Plaintiffs have failed to correct this error through amended pleadings, the Court will nevertheless presume that Plaintiffs intended to cite MCL § 600.3201 *et seq*.

payments of $974.81."[2] (*Id*.). They further allege that Defendant purchased this mortgage loan on or about December 10, 2009, and thus became Plaintiffs' mortgage servicer. (*Id*.).

Plaintiffs assert that, shortly after the mortgage was transferred to Defendant, they "requested mortgage assistance and submitted all the applicable forms," that Defendant "acknowledged receiving a complete" set of mortgage modification forms, and that Plaintiffs also sent updates "continuously throughout the process." (Doc. 1, *Verified Complaint* at 3). Plaintiffs further state that Defendant "failed to notify Plaintiffs in writing as to any approval or denial of [their] request, and failed to properly evaluate Plaintiffs for all home retention options available to them per the Making Home Affordable Program Handbook. . . ." (*Id*.). Plaintiffs allege that they "attempted to resolve their delinquency by repeatedly requesting assistance with no response from Defendant's representatives." (*Id*.). Plaintiffs assert that they are eligible for "Tier I standard Modification, Mod-24, Capitalization Modification, a replacement plan, and a simple forbearance agreement," but that Defendant failed to evaluate their eligibility for this relief. (Doc. 1, *Verified Complaint* at 4). Plaintiffs also aver that Defendant "noted Plaintiffs' home for Sheriff's sale on 09/24/2014." (*Id*.).

Plaintiffs assert the following claims: 1) Defendant violated RESPA, 12 C.F.R. § 1024.41(c)-(f), by failing to provide Plaintiffs with written notice of which loan modification options they were eligible for; failing to inform Plaintiffs of which loan modification options Defendant would offer; noticing Plaintiffs' home for foreclosure

---

[2] This allegation of predatory lending is not bolstered by further allegations in Plaintiffs'

despite Plaintiffs' submission of a loss mitigation application, and violated RESPA, 12 C.F.R. § 1024.38(b)(2) by failing to follow the policies outlined in the HAMP program[3]; 2) Defendant violated MCL § 600.3201 *et seq.* by failing to properly calculate the amount due on the mortgage at the time of the sheriff's sale, and by failing to properly post notice of that sale; 3) Defendant was negligent in its handling of Plaintiffs' mortgage assistance request; 4) Defendant violated the implied covenant of good faith and fair dealing by misleading Plaintiffs about the status of their mortgage assistance request, also warranting application of the doctrine of promissory estoppel; 5) Defendant made unspecified fraudulent misrepresentations to Plaintiffs. (Doc. 1, *Verified Complaint*, at 2-12).

### C. Motion Standards

A motion for summary judgment will be granted under Rule 56 of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has "'the initial burden of showing the absence of a genuine

---

complaint, nor does it appear to support any of Plaintiffs' claims against Defendant.
[3] Notably, as discussed further below, Plaintiffs do not allege that Defendant violated 12 C.F.R. § 1024.41(b), which establishes the obligations of mortgage servicers to notify borrowers of the receipt of a mortgage modification request, and to "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application."

issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. American Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the nonmoving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493.

5

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.     Analysis**

The core of Plaintiffs' claim is that Defendant failed to properly consider their completed application for mortgage assistance, and that a variety of harm resulted from this inaction. The Court will first examine whether Plaintiffs have establish a question of material fact with regard to whether they sent a complete mortgage assistance application to Defendant, and evaluate the remainder of Plaintiffs' claims in light of this finding.

**1.RESPA**

"RESPA is a consumer protection statute, which Congress passed in order to reform the real estate settlement process. The statute was intended to ensure that consumers received information about settlement costs, and to protect them from high

6

settlement fees and the potentially abusive practices of providers." *Augenstein v. Coldwell Banker Real Estate LLC*, No. 2:10-CV-191, 2011 WL 3837096, at \*2 (S.D. Ohio Aug. 30, 2011).

As relevant to this action, 12 C.F.R. § 1024.41(c), (f) provides that: (c) a mortgage servicer who receives a "complete loss mitigation application" more than 37 days before a foreclosure sale, within 30 days shall: (i) evaluate the borrower for loss mitigation options and (ii) provide the borrower with notice of that determination including the specific reasons for the determination; and that: (f)(1) a servicer is prohibited from foreclosing on properties which have been delinquent for less than 120 days; and (f)(2) if a borrower submits a complete loss mitigation application within that 120 day period, the servicer may not make the first notice of foreclosure unless: (i) it has informed the borrower that they are not eligible for loss mitigation options, (ii) the borrower rejects such an option, or (iii) the borrower fails to perform under an agreement on loss mitigation.

12 C.F.R. § 1024.38(a) provides that servicers "shall maintain policies and procedures that are reasonably designed to achieve the objectives" set forth in 12 C.F.R. § 1024.38(b), which in turn provides that servicers should be able to provide accurate and timely information in response to borrower inquiries, complaints, and provide accurate and timely information regarding loss mitigation options.

RESPA 12 U.S.C § 2605 provides for enforcement of violations of 12 C.F.R. § 1024.41. *See* 12 C.F.R. § 1024.41(a) ("Enforcement and limitations. A borrower may

enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))"). Specifically, 12 U.S.C. § 2605(f) provides, "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts . . . In the case of any action by an individual, an amount equal to the sum of . . . any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." These "actual damages" can take the form of financial damages, emotional damages, or other damages which might flow from a servicer's wrongful act. *See Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 Fed. Appx. 543, 548 n.6 (6th Cir. 2012) (holding that emotional damages may constitute "actual damages" under RESPA); *Austerberry v. Wells Fargo Home Mortgage*, No. 15-CV-13297, 2015 WL 8031857, at *6 (E.D. Mich. Dec. 7, 2015) (noting the availability of statutory damages where "a pattern or practice of noncompliance" with RESPA can be shown); *Claxton v. Orlans Associates, P.C.*, No. 10-11813, 2010 WL 3385530, at *5 (E.D. Mich. Aug. 26, 2010) (noting that "actual damages" must "be damages suffered *as a result of* the failure to satisfy the RESPA duty at issue). Notably, "There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification." *Caggins v. Bank of N.Y. Mellon*, No. 1511124, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015).

8

Here, Plaintiffs allege that they sent Defendant a complete application for mortgage assistance, including "all applicable forms with supporting documentation and information; with updates sent continuously throughout the process." (Doc. 1, *Verified Complaint* at 3). They further allege that Defendant "acknowledged receiving a complete request for assistance shortly thereafter." (*Id.*). Defendant challenges this assertion, stating that Plaintiffs did not submit a complete application for mortgage assistance, but rather submitted *only* a "Borrower Financial Information" ("BFI") form in which Plaintiffs indicated that they were unable to pay their mortgage due to business failure, and listed their incomes and expenses. (Doc. 16 at 2-3). Defendant asserts that the BFI is only one form among several which a borrower must submit for their application for mortgage assistance to be considered "complete," and thus trigger Defendant's duties under 12 C.F.R. 1024.41(c)-(f). (*Id.* at 3, 6-8). Defendant points to the website of One West Bank, FSB, ("One West") the prior mortgage holder, to identify the list of items which a borrower must submit for their application for mortgage relief to count as "complete."[4] Plaintiffs have failed to present any evidence whatsoever that they submitted any application for mortgage assistance, much less a complete application, nor

---

[4] It is unclear why Defendant references the list of documents required to obtain mortgage relief through One West. Defendant elsewhere argues that Plaintiffs' submission of the BFI does not operate as an application for mortgage assistance under RESPA because it was sent prior to Defendant's purchase of the mortgage. (Doc. 16 at 2-3). Defendant thus appears to argue that Plaintiffs should have adhered to the procedure to obtain relief as set forth by One West, but that any forms sent to One West do not operate as a mortgage assistance application against Defendant. Plaintiffs do not challenge Defendant's list of required items (or lack thereof), but rather assert that they submitted a "complete" application. (Doc. 18 at 4).

9

have they demonstrated that Defendant acknowledged receipt of such application. On the contrary, Plaintiffs have impermissibly rested on their pleadings, and have failed to present "significant probative evidence" that they submitted such an application. *See Moore*, 8 F.3d at 339-40; *see also Anderson*, 477 U.S. at 248. Contrary to Plaintiffs' pro-forma response, this is not a case in its "early stage of . . . proceedings, where discovery has not yet begun." (Doc. 19 at 15). On the contrary, the discovery cutoff in this case was September 28, 2015, a date which passed over one month before the submission of Plaintiffs' response, and well over two months prior to the issuance of this report and recommendation. (Docs. 10, 11). Despite ample opportunity to obtain discovery from Defendant which could support their positions, Plaintiffs have failed to produce any answers to interrogatories, documentation, or other evidence which could support their allegations that they submitted to Defendant a complete application for mortgage assistance, nor any evidence that Defendant considered that application complete. Plaintiffs have thus failed to demonstrate that a question of material fact exists with regard to whether they submitted a complete application for mortgage relief.

Plaintiffs have also failed to demonstrate that they suffered any harm as a result of Defendant's actions. Plaintiffs' generalized allegation of "emotional strain of living under fear of losing their home to foreclosure" is insufficient to sustain a claim under RESPA. *See Austerberry*, No. 15-CV-13297, 2015 WL 8031857, at *7 (holding that a plaintiff seeking compensation for emotional damage under RESPA must provide more than "threadbare" claims which show "how Defendant allegedly caused these damages.");

10

*Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 WL 1966887, at *7 (E.D. Mich. May 1, 2015) ("mere 'stress' is not enough to meet the minimum pleading standards under RESPA."); *see also McLean v. GMAC Mortgage Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (finding that plaintiffs raising RESPA claims based on emotional damages must present "specific evidence to establish a causal link between the financing institution's violation and their injuries."). Plaintiffs do not argue that Defendant engaged in a "pattern or practice" of RESPA violations, thus statutory damages are unavailable. *See Austerberry*, No. 15-CV-13297, 2015 WL 8031857, at *6. As to financial damages, because Plaintiffs have failed to present any evidence that they submitted a complete request for mortgage assistance to Defendant, it cannot be said that Plaintiffs' loss of their home resulted from Defendant's failure to respond to their request for assistance. Rather, Plaintiffs' home was foreclosed upon because they failed to make payments to their servicer. *See Collins v. Wickersham*, 862 F. Supp. 2d 649, 659 (E.D. Mich. 2012) ("The alleged injuries plainly resulted from Plaintiffs' failure to make loan payments and the ensuing foreclosure. Plaintiffs have not pleaded actual harm resulting from the alleged RESPA violations; their claim is therefore futile."); *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) ("Although Plaintiff desired an explanation of the amounts owed on his loan, Citi's alleged failure to provide him with that information did not result in foreclosure. Rather, Plaintiff's failure to make the loan payments triggered this course of events."). The Court also notes that RESPA does not actually require mortgage servicers to offer mortgage

assistance to borrowers, but rather merely imposes certain obligations to *consider* offering such relief to borrowers. *See* 12 C.F.R. § 1024.41(a) ("Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."); *Bertschy-Gallimore v. U.S. Bank Nat. Ass'n*, No. 1:15-CV-352, 2015 WL 3889260, at *7 (W.D. Mich. June 24, 2015). Plaintiffs are thus unable to demonstrate that Defendant caused the foreclosure on the Property because Defendant had no obligation to offer mortgage assistance, and because Plaintiff has failed to present any evidence that, but for Defendant's actions, they would have been able to redeem or otherwise preserve their ownership of the Property.

Defendant also argues that it "did not receive any request for mortgage assistance from the [Plaintiffs] prior to foreclosing on its mortgage. [Defendant] cannot be expected to respond to the [Plaintiffs'] alleged request when the [Plaintiffs] never sent it to [Defendant] and when [Defendant] never received it." (Doc. 16 at 13). As discussed above, Plaintiffs assert that they mailed a complete loan modification request to Defendant, an assertion wholly unsupported by the evidence. However, the Court notes that there is at least a colorable argument that Defendant was, as the result of purchasing the Property from the prior servicer, obligated to continue to follow-up with the application for mortgage assistance that was submitted to the prior servicer, One West. The Consumer Financial Protection Bureau has interpreted RESPA 12 U.S.C. § 1024.41 to require transferee servicers, *i.e.* servicers which purchase mortgages from other mortgage servicers, to

12

comply with the requirements of §1024.41 regardless of whether a borrower received an evaluation of a complete loss mitigation application from a transferor servicer. Documents and information transferred from a transferor servicer to a transferee servicer may constitute a loss mitigation application to the transferee servicer and may cause a transferee servicer to be required to comply with the requirements of §1024.41 with respect to a borrower's mortgage loan account.

12 C.F.R. § 1024.41(i) (2015) *Supplement I to Part 1024 – Official Bureau Interpretations*, http://www.ecfr.gov/cgi-bin/text-—idx?SID=3da036019763f9643d21fb2e2a2ce643&mc=true&node=ap12.8.1024_141.1&rgn=div9 (last visited December 18, 2015). Mortgage servicers thus may not escape their duty to address loan modification requests by simply noting that such requests were made to a prior servicer. Under 12 C.F.R. § 1024.41(b), servicers must notify borrowers of the receipt of a loss mitigation application, tell borrowers whether the application is complete or incomplete, and state which additional documents are required to render the application complete. Plaintiffs do not allege that Defendant failed to abide by 12 C.F.R. § 1024.41(b) or otherwise failed to follow-up on whatever loan modification applications Plaintiffs may have sent to their prior lenders. On the contrary, Plaintiffs assert that "shortly after Plaintiffs' mortgage loan was transferred to Defendant . . . Plaintiffs requested mortgage assistance and submitted all the applicable forms with supporting documentation and information; with updates sent continuously throughout the process." (Doc. 1, *Verified Complaint* at 3). As discussed above, Plaintiffs have failed to present any support whatsoever to support these allegations, and based on a review of the evidence, it appears that Plaintiffs submitted only a BFI, and submitted that document prior to Defendant's purchase of the Property.

While this series of events could theoretically support a claim for relief under 12 C.F.R. § 1024.41(b), Plaintiffs have not plead such a cause of action, nor have they alleged damages (whether financial, emotional, or statutory) which could support such a claim.

Plaintiffs have thus failed to set forth any evidence that they submitted a request for mortgage assistance to Defendant, that they suffered any damages as a result of Defendant's action or inaction, and have not asserted that Defendant violated 12 C.F.R. § 1024.41(b). Summary judgment is therefore appropriate with regard to Plaintiffs' RESPA claims as stated in Count Two of their complaint.

### 2.    MCL § 600.3201

Plaintiffs also claim that Defendant violated MCL 600.3201 *et seq.* by failing to "[p]roperly calculate the amount due and owing with all costs and fees as of the date of the Sheriff's sale," and by failing to "[p]roperly post notice of the foreclosure sale 4 consecutive times in the newspaper." (Doc. 1, *Verified Complaint* at 4-5). Plaintiffs do not set forth the amount of the discrepancy between Defendant's calculation of the amount due and the actual amount due, nor do they assert the manner in which this alleged failure prejudiced Plaintiffs. Courts in this district have regularly found that such threadbare allegations fail to state a claim upon which relief can be granted. *See, e.g.*, *Martin v. Bank of New York Mellon Corp.*, No. 15-CV-10330, 2015 WL 7352006, at n.1 (E.D. Mich. Nov. 20, 2015); *Deming-Anderson v. PNC Mortgage*, No. 15-CV-11688, 2015 WL 4724805, at *6 (E.D. Mich. Aug. 10, 2015).

As to the second element of this claim, Defendant has provided an affidavit from its vice-president and loan servicing manager, who attests that Defendant mailed eight letters to Plaintiffs between December 2009 and May 2010, but received no correspondence from Plaintiffs between December 2009 and March 2015 whatsoever; that Defendant first received Plaintiffs' BFI during the discovery process of this suit; that the BFI is not a complete loan modification application, that Plaintiffs defaulted on the terms of the mortgage by making no payments to Defendant, and by failing to pay property taxes on the Property; and that a sheriff's sale was held in September 2014 and that the redemption period expired without any attempt by Plaintiffs to redeem the Property. (Doc. 16 at Ex. 9). Under Michigan law, such an affidavit is "presumptive evidence of the facts therein contained," and thus provides unrebutted evidence that Defendants complied with MCL § 600.3201 *et seq. See Drahuse v. Fed. Home Loan Mortgage Corp.*, No. 10-14117, 2011 WL 5184239, at *5 (E.D. Mich. Nov. 1, 2011) (citing Mich. Comp. Laws § 600.3256). Because Plaintiffs have failed to proffer any evidence opposing this affidavit, Plaintiffs have not established that there is any question of material fact on this issue, and summary judgment is also proper as to Count One.

### 3.   Negligence

Plaintiffs next allege that Defendant engaged in negligent behavior by failing to "evaluate and respond to a loan modification request within thirty days of receipt of a complete loan modification package," and "had a duty to exercise reasonable care in performing the evaluation of Plaintiffs for a loan modification," but nevertheless failed to

15

review or respond to Plaintiffs' modification request, and carelessly let modification documents expire. (Doc. 1, *Verified Complaint* at 9). Plaintiffs also note that the harm they suffered was loss of their home, and that but for Defendant's negligence, Plaintiffs "would have qualified for a HAMP Tier I modification or other program."[5] (*Id.*). Plaintiffs also allege emotional damages "due to the stress of living under the fear of losing their home as a result of Defendant's negligent mishandling of their loan modification application."

"Under Michigan law, a plaintiff alleging a claim of negligence must demonstrate the following four elements: 1) a duty owed to the plaintiff by the defendant, 2) breach of that duty, 3) causation, and 4) damages." *Brown v. United States*, 583 F.3d 916, 920 (6th Cir. 2009). As noted above, Plaintiffs have failed to set forth a question of material fact regarding whether they submitted a complete mortgage modification application to Defendant. Consequently, Plaintiffs' negligence claims premised on this complete mortgage modification application must also fail.

Plaintiffs' appeal to the standards established by the HAMP program is also unavailing, because the Sixth Circuit has repeatedly found that "HAMP regulations do not impose a duty of care on servicers to borrowers." *Ray v. U.S. Bank Nat. Ass'n*, No. 15-1241, 2015 WL 5670841, at *4 (6th Cir. Sept. 28, 2015); *Campbell v. Nationstar Mortgage*, 611 F. App'x 288, 299 (6th Cir. May 26, 2015). Furthermore, Plaintiffs'

---

[5] "HAMP" refers to the Home Affordable Mortgage Program, a federal program established by the Emergency Stabilization Act, 12 U.S.C. § 5201.

16

allegation of emotional damages is conclusory and unsupported, and thus also fails. *See Kilgore v. Ocwen Loan Servicing*, LLC, 89 F. Supp. 3d 526, 539-40 (E.D. N.Y. 2015) (finding a claim that a borrower "suffered financial loss and severe mental anguish and emotional distress of facing the loss or possible loss of his home through foreclosure" to be conclusory). Plaintiffs' allegation that Defendant's actions harmed them by decreasing their ability to redeem or otherwise save their home is likewise wholly unsupported. Plaintiffs have thus failed to demonstrate any of the four elements necessary to demonstrate negligence; summary judgment is therefore also appropriate as to Count Three of Plaintiffs' complaint.

### 4.      Breach of Contract and Promissory Estoppel

Plaintiffs assert that Defendant violated the "implied contract of good faith and fair dealings imposed in every contract." (Doc. 1, *Verified Complaint* at 10-11). Specifically, Plaintiffs allege that Defendant disingenuously negotiated loss mitigation assistance with Plaintiffs and misled Plaintiffs with regard to the status of their loss mitigation, also implicating the doctrine of promissory estoppel. (*Id*.). Courts in this district have repeatedly rejected such claims because "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006); *see also Austerberry*, No. 15-CV-13297, 2015 WL 8031857, at *8; *Fredericks v. Allquest Home Mortgage Corp.*, No. 15-10429, 2015 WL 1966856, at *4 (E.D. Mich. Apr. 30, 2015); *Cheesewright v. Bank of Am., N.A.*, No. 2:11-CV-15631, 2013 WL 639135, at *5

(E.D. Mich. Feb. 21, 2013). In the alternate, if Plaintiffs intended to argue that Defendant violated an explicit obligation of good faith and fair dealing imposed in this specific mortgage contract, they have failed to identify any provision of that contract which could support such a claim.

Plaintiffs' promissory estoppel claim is barred by the statute of frauds. Under Michigan law, "An action shall not be brought against a financial institution to enforce . . . promises or commitments of [a] financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution" including a "promise or commitment to lend money, grant or extend credit, or make any other financial accommodation" and a "promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation." Mich. Comp. Laws § 566.132(2)(a)-(b). Claims of promissory estoppel brought against financial institutions under the circumstances described above must fail unless the petitioner presents a written copy of said promise or commitment, signed by the financial institution. Because Defendant is a financial institution, and because Plaintiffs have failed to provide evidence of written promises or commitments, their promissory estoppel claim also fails. *See Fredericks*, No. 14-14270, 2015 WL 3473972, at *5 (dismissing a promissory estoppel claim brought under similar circumstances); *Martin v. Bank of New York Mellon Corp.*, No. 15-CV-10330, 2015 WL 7352006, at *4 (E.D. Mich. Nov. 20, 2015) (same). Summary judgment is therefore also

appropriate as to Plaintiffs' breach of contract and promissory estoppel claim. Summary judgment is thus proper as to Count Four of Plaintiffs' complaint.

### 5.    Fraudulent misrepresentation

Finally, Plaintiffs' assert that Defendant engaged in fraudulent misrepresentation, by making "representations" that "were false statements of facts," which were "intended to induce Plaintiffs to refrain from defending the foreclosure in reliance on the representations made by Defendant." (Doc. 1, *Verified Complaint* at 11-12). Several courts in this circuit have rejected identical pleadings made by Plaintiffs' counsel for failure to state a claim upon which relief can be granted, and for failure to meet the pleading standard required for fraud claims. *See Smith v. Nationstar Mortgage*, No. 15-13019, 2015 WL 7180473, at *3 (E.D. Mich. Nov. 16, 2015) (rejecting an identical claim made by Plaintiffs' counsel for "fail[ure] to satisfy the pleading requirements for fraud."); *Clark v. Ocwen Loan Servicing, LLC*, No. 1:15-CV-659, 2015 WL 6159447, at *5 (W.D. Mich. Oct. 20, 2015) (same); *Bertschy-Gallimore v. U.S. Bank Nat. Ass'n*, No. 1:15-CV-352, 2015 WL 3889260, at *6 (W.D. Mich. June 24, 2015) (same). Plaintiffs' fraud claim should be rejected here for the same reason. Federal Rule of Civil Procedure 9(b) provides that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements

fraudulent." *Republic Bank & Trust Co. V. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir.2012).

> Under Michigan law, the elements of fraudulent misrepresentation are:

>> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). Here, as in the cases cited above, Plaintiffs use vague terminology to assert that their servicer made false representations intended to induce Plaintiffs to refrain from opposing the foreclosure. (Doc. 1, *Verified Complaint* at 11-12). These claims do not identify the specific speaker, time, location, or content of Defendant's alleged fraud, and thus fails to allege fraud with particularity under both Fed. R. Civ. P. 9(b) and Michigan law. Summary judgment is thus also appropriate as to Count Five of Plaintiffs' complaint.

> **E.     Conclusion**

For the reasons stated above, the Court recommends that Defendant's motion for summary judgment (Doc. 16) be **GRANTED**, and that Plaintiffs' complaint (Doc. 1) be **DISMISSED**.

III. __REVIEW__

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection

No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections

are without merit, it may rule without awaiting the response.


Date: December 23, 2015                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge


## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: December 23, 2015                    By s/ Kristen Krawczyk
                                           Case Manager to Magistrate Judge Morris

22